**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  18-184 |
| | : | |
| ROBERT BROWN | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                      **October 27, 2021**

Robert Brown admitted two previous felony convictions in Delaware before he pleaded guilty to a bank robbery in our District. The Delaware General Assembly repealed one of the statutes of an earlier conviction based on delivery of a controlled substance and placed the same crime in another statute. The General Assembly did not decriminalize the drug dealing conduct. The probation officer recommended a career offender enhancement of two points following his plea before us. Mr. Brown's lawyer objected to the career offender enhancement, but she chose to not argue the post-conviction change in the location of the crime in the Delaware Code precluded our finding of an earlier conviction. We appropriately considered counsel's arguments at sentencing and properly found the earlier conviction warranted a two-level increase in the offense level. We then sentenced Mr. Brown substantially below the guidelines range he now claims should have applied. Mr. Brown seeks habeas relief arguing we should not have included his previous conviction for distributing a controlled substance during sentencing because the General Assembly repealed the statute before our sentencing but admittedly criminalized the same conduct in another statute. Mr. Brown's lawyer did not provide ineffective assistance by not presenting this meritless argument. We deny his habeas petition claiming ineffective assistance. There is no need for an evidentiary hearing and no basis for a certificate of appealability.

## I.    Background

The grand jury charged Robert Brown in a May 3, 2018 indictment with one count of bank robbery.[1] The grand jury found probable cause Mr. Brown robbed a Citizens Bank in Brookhaven on March 9, 2018.[2] Mr. Brown, without a weapon, entered the bank wearing dark clothing and told the teller, "give me all of the fucking money, this is not a joke."[3] He vaulted the counter, stole $8,880, and fled.[4] A police officer observed a dye packet explode in Mr. Brown's pocket.[5] Mr. Brown entered a car, and the officer chased him.[6] Mr. Brown crashed his car on Interstate 95 and police detained him.[7] Mr. Brown pleaded guilty to the Brookhaven bank robbery on September 25, 2018.[8]

### *The probation officer submitted a pre-sentence report.*

The United States probation officer submitted a pre-sentence report recommending an sentencing range of 151 to 188 months based on a criminal history category of VI and offense level of twenty-nine.[9] The probation officer recommended we enhance the offense level by two levels to twenty-nine because Mr. Brown is a career offender, having committed a previous controlled substance offense and a previous crime of violence.[10] Mr. Brown pleaded guilty to delivering a controlled substance in the Delaware Superior Court in 2006.[11] The probation officer reported Mr. Brown distributed 2.72 grams of crack cocaine.[12] Mr. Brown also pleaded guilty to one count of bank robbery in the United States District Court for the District of Delaware in 2012.[13] The probation officer reported Mr. Brown robbed a bank in Wilmington.[14]

Mr. Brown objected through counsel to the probation officer's recommendation we sentence Mr. Brown as a career offender.[15] Mr. Brown also objected through counsel to a career offender designation in his sentencing memorandum.[16] He admitted it "is clear" his earlier Delaware convictions qualified as predicates under the career offender guideline but noted his

desire to "preserve the issue should the Supreme Court overrule or change the definition of a crime of violence."[17]

### *We sentenced Mr. Brown following a downward variance.*

We sentenced Mr. Brown on January 21, 2020.[18] Mr. Brown's counsel objected at our sentencing hearing to the career offender guideline.[19] She said "[w]e are not legally challenging the career offender application," but she wanted to raise the issue to preserve it should the law change.[20] We asked Mr. Brown if his counsel correctly summarized his position; he said yes.[21] We noted the argument and explained to Mr. Brown Congress required us to sentence him as a career offender.[22]

We found Mr. Brown's objections raised in "good faith" but inapplicable.[23] We sentenced Mr. Brown to seventy-two months' imprisonment, three years of supervised release, and $27,535 restitution.[24] We varied downward from the guideline of 151 months to seventy-two months.[25]

## II.    Analysis

Mr. Brown now seeks habeas relief under section 2255.[26] Mr. Brown raises one ground for relief: counsel performed ineffectively by "fail[ing] to object to the career offender enhancement" because his conviction for distributing a controlled substance arose under a now-repealed Delaware statute.[27] The United States responds Mr. Brown's counsel objected to the career offender enhancement.[28] It further responds even if Mr. Brown's counsel did not object, an objection based on the statute's repeal would be meritless because the Delaware General Assembly did not invalidate Mr. Brown's previous conviction.[29]

Mr. Brown's counsel performed effectively because objecting to a career offender designation based on the Delaware law's repeal would be meritless. We find no need to order an evidentiary hearing. We decline to issue a certificate of appealability.

### A.    Mr. Brown's counsel provided effective assistance.

Mr. Brown must show "counsel's representation fell below an objective standard of reasonableness," causing "prejudice."[30] We apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[31] To show prejudice, Mr. Brown must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[33] "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim."[34]

Mr. Brown's counsel did not perform ineffectively because an objection to Mr. Brown's career offender designation based on the Delaware statute's repeal is meritless.

We sentenced Mr. Brown by varying downward from a sentencing guideline of 151 months. We used the 151-month guideline because Mr. Brown classified as a "career offender" under the United States Sentencing Guidelines.[35] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[36] Mr. Brown admitted two previous felony convictions: a 2006 conviction under Delaware law for distributing a controlled substance and a 2012 federal bank robbery.

Mr. Brown argues his 2006 conviction for distributing a controlled substance under a since-repealed Delaware law does not constitute a previous "controlled substance offense."[37] Mr. Brown does not argue the statute did not denote a controlled substance offense;[38] rather, he argues his

counsel performed ineffectively by failing to argue the statute's repeal invalidates his conviction for purposes of the career offender guideline.

The parties agree Mr. Brown received a conviction under Delaware Code Title 16, Section 4751.[39] The Delaware General Assembly prohibited manufacturing, delivering, or possessing a "controlled substance."[40] The General Assembly repealed section 4751 in 2011.[41] But the amendment did not decriminalize delivering controlled substances, it simply moved the offense to a different section of the Code.[42] The General Assembly today still criminalizes the same conduct elsewhere in the Code.[43] The repeal of criminal statutes does not extinguish convictions under those statutes unless the repealing act expressly says so.[44] The act repealing section 4751 does not extinguish convictions under section 4751.[45] Mr. Brown's conviction under section 4751 remains valid and still constitutes a controlled substance offense. Courts implicitly reject similar arguments by analyzing previous convictions under since-repealed statutes for purposes of the career offender guideline.[46] Counsel did not perform ineffectively by failing to raise a meritless objection based on section 4751's repeal.[47]

**B.    We find no need to hold an evidentiary hearing.**

We must order an evidentiary hearing to decide habeas petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[48] To determine whether we should hold a hearing, we undertake a "two-pronged inquiry."[49] First, we must consider all "nonfrivolous factual claims" as true.[50] Second, we must "determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel."[51] If the petitioner "states a colorable claim for relief . . . then further factual development in the form of a hearing is required."[52] But if the claim "conclusively" fails either prong of the ineffective assistance of counsel test, we should not order a hearing.[53]

We decline to order an evidentiary hearing. Mr. Brown's petition conclusively shows he is not entitled to relief because Mr. Brown presents no fact claims for us to consider. He simply raises a legal argument regarding his view of the Delaware General Assembly's repeal of a statute when it placed the same crime in another section of the crimes code. We need not resolve fact disputes or consider evidence to decide Mr. Brown's claim. The existing record conclusively shows he is not entitled to relief.  We decline to hold an evidentiary hearing.

### C.    We decline to issue a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."[54] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[55] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[56]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Brown's constitutional claims. The issues Mr. Brown raises are inadequate to proceed further because they are clearly meritless.

### III.    Conclusion

Mr. Brown's claim of ineffective assistance of counsel lacks merit. His counsel chose not to make a facially flawed argument based on the General Assembly's repeal of the statute of conviction but still criminalizing the same conduct in another statute after his earlier conviction. The General Assembly did not decriminalize his controlled substance offense. There are no fact issues warranting an evidentiary hearing.  We find no basis for a certificate of appealability.

---

[1] ECF Doc. No. 1.

[2] *See id.*; *see also* Pre-Sentence Report (PSR) ¶¶ 13–15.

[3] *Id.* ¶ 13.

[4] *Id.*

[5] *Id.* ¶ 14.

[6] *Id.* ¶¶ 14–15.

[7] *Id.* ¶ 15.

[8] ECF Doc. Nos. 16, 17.

[9] *See* PSR ¶ 173.

[10] *Id.* ¶ 62 (recommending an enhancement to level thirty-two based on criminal history), ¶ 65 (calculating an overall offense level of twenty-nine after adjusting for acceptance of responsibility).

[11] *Id.* ¶ 94.

[12] *Id.*

[13] *Id.* ¶ 95.

[14] *Id.*

[15] *Id.* at 38.

[16] ECF Doc. No. 35 at 3.

[17] *Id.*

[18] *See* ECF Doc. No. 53 at 1.

[19] *See id.* at 19:21–20:15.

[20] *Id.*

[21] *Id.* at 20:16–18.

---

[22] *Id.* at 20:19–21:24. Mr. Brown's counsel argued although the career offender guideline applied, we should not follow it because Mr. Brown is not the type of violent criminal Congress contemplated with the career offender guideline. *Id.* at 48:3–50:14.

[23] *Id.* at 88:3–5.

[24] ECF Doc. No. 44 at 2–3, 6.

[25] ECF Doc. No. 53 at 87:24–88:8.

[26] ECF Doc. No. 56.

[27] *Id.* at 5.

[28] ECF Doc. No. 58 at 9–10.

[29] *Id.* at 10–11.

[30] *United States v. Kauffman*, 109 F.3d 186, 190–91 (3d Cir. 1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984)).

[31] *Bell v. Cone*, 535 U.S. 685, 702 (2002) (internal quotations omitted).

[32] *Strickland*, 466 U.S. at 694.

[33] *Id.*

[34] *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *United States v. Georgiou*, No. 09-88, 2018 WL 9618008, at *37 (E.D. Pa. June 19, 2018).

[35] *See* U.S.S.G. § 4B1.1(b) (detailing enhancements to offense levels for career offenders).

[36] U.S.S.G. § 4B1.1(a).

[37] Mr. Brown does not challenge whether his 2012 bank robbery conviction constitutes a previous crime of violence.

[38] A "controlled substance offense" is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Mr. Brown received a conviction for distributing a controlled substance. *See* PSR ¶ 94. He received a five-year sentence. *Id.*

[39] ECF Doc. No. 56 at 5; ECF Doc. No. 58 at 10.

[40] 16 Del. Code § 4751 (2007), *repealed by* H.B. 19, 146th Gen. Assemb., Second Reg. Sess. (Del. 2011), at § 32 ("Amend § 4751, Title 16 of the Delaware Code by striking said Section in its entirety.").

[41] H.B. No. 19, 146th Gen. Assemb., Second Reg. Sess. (Del. 2011), at § 32.

[42] *See id.*, at § 42 ("Amend Title 16 of the Delaware Code by inserting a new § 4754, reading as follows . . . Except as authorized by this Chapter, any person who: (a) manufactures, delivers, or possesses with the intent to manufacture or deliver a controlled substance . . . shall be guilty of a Class D felony.").

[43] 16 Del. Code § 4754(a) ("Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance.").

[44] 11 Del. Code § 211(a) ("The repeal of any statute creating, defining or relating to any criminal offense set forth under the laws of this State, shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as remaining in full force and effect for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.").

[45] *See generally* H.B. 19, 146th Gen. Assemb., Second Reg. Sess. (Del. 2011).

[46] *See, e.g.*, *United States v. Barnes*, 457 F. App'x 303, 305–06 (4th Cir. 2011) (analyzing whether a previous conviction under a "now-repealed Maryland statute" constituted a crime of violence for the career offender guideline without discussing whether the statute's repeal extinguished the previous conviction); *United States v. Leavitt*, 925 F.2d 516, 517 (1st Cir. 1991) (analyzing conviction under since-repealed Maine statute).

[47] We note counsel objected to the career offender enhancement three times: in the probation officer's pre-sentence report, its pre-sentencing memorandum, and during our sentencing hearing. *See* PSR at 38; ECF Doc. No. 35 at 3; ECF Doc. No. 53 at 24:22–25:11. Counsel maintained objections because Mr. Brown wished to ensure he preserved his rights. *See* ECF Doc. No. 56 at 20. Counsel did not, however, object on the grounds Mr. Brown raises in his petition, so we analyze the objection's merit.

[48] 28 U.S.C. § 2255(b).

[49] *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021).

[50] *Id.* (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)).

[51] *Id.* (quoting *Dawson*, 857 F.2d at 927–28).

[52] *Id.* (quoting *Dawson*, 857 F.2d at 928).

[53] *Id.*

[54] 28 U.S.C. § 2253(c)(1)(B).

[55] 28 U.S.C. § 2255(c)(2).

[56] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).